IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CR-00220-4-D

UNITED STATES OF AMERICA  :
                          :
v.                        :
                          :
GREGORIO VAZQUEZ-CASTILLO  :

## ORDER OF FORFEITURE AS TO PROCEEDS AND PRELIMINARY ORDER OF FORFEITURE AS TO OTHER PROPERTY

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement by the defendant, Gregorio Vazquez-Castillo, on September 10, 2019, and the defendant's guilty plea to an offense in violation of 18 U.S.C. § 371, the following property is hereby forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2641(c), to wit:

(a) 2010 Chevrolet Express Cutaway Truck, VIN: 1GB6G3BG9A1142915, North Carolina License Plate JP5005 registered in the name of SAMUEL CRUZ;

(b) 2008 Ford truck, VIN# 1FDWE35L38DA82953, North Carolina License Plate JK4077, registered to CLEAN RECOVERY INC;

(c) 2008 Toyota Tundra pickup, VIN: 5TBBV54198S518443, North Carolina License Plate Number FEP4720, registered in the name of BIO RECYCLING SERVICES CO;

(d) 2007 Mitsubishi Sterling box truck, VIN# JLSBBG1S87K011671, North Carolina License Plate JL6704, registered to CLEAN RECOVERY INC;

1

(e) Box truck with white cab and yellow cargo area, DOT# 2913844, No license plate, registered to TRAP BOYS INC;

(f) 2015 Nissan Rogue, VIN: 5N1AT2MV3FC757765, New York License Plate HXK8608, registered in the name of Reyna Ramirez;

(g) 2015 Ford Mustang, VIN: 1FA6P8TH0F5320863, North Carolina License Plate Number EKJ4006, registered in the name of GREGORIO VASQUEZ-CASTILLO; and

(h) $168,950.00, representing proceeds that the defendant personally obtained directly or indirectly as a result of the criminal violation, and for which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p).

AND WHEREAS, by virtue of said guilty plea and the defendant's agreement therein, the United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That pursuant to 21 U.S.C. § 853(a), the defendant shall forfeit $168,950.00 to the United States as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said offenses.

2. That pursuant to Rule 32.2(e) of the Federal Rules of Criminal

Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in whole or in part. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund for U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

3. That based upon the Memorandum of Plea Agreement, all of the defendant's interests in the identified personal property listed herein are herewith forfeited, subject to the provisions of 21 U.S.C. § 853(n).

4. That pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

5. That upon adjudication of all third party interests this Court will enter

a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(6).

6. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall be final as to the defendant upon entry.

SO ORDERED. This 5 day of October, 2020

*Dever*

JAMES C. DEVER, III
United States District Judge

4